UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY NGO,<br><br>   Plaintiff,<br><br>   v.<br><br>TAMMY CAMPBELL, et al.,<br><br>   Defendants. | Case No.: 1:23-cv-01423-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>(Doc. 12)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff My Ngo is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

The Court issued its First Screening Order on January 2, 2024, (Doc. 9), and found Plaintiff's original complaint failed to state any claim upon which relief could be granted (*Id*. at 5-8.). Plaintiff was given leave to file a first amended complaint, curing the deficiencies identified in the order, or to file a notice of voluntary dismissal, within 21 days. (*Id*. at 8-9.) On February 5, 2024, Plaintiff filed a timely first amended complaint. (Doc. 12.)

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III. PLEADING REQUIREMENTS

#### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

2

sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on

1  inaction in the training and supervision of subordinates).

2  Supervisory liability may also exist without any personal participation if the official
3  implemented "a policy so deficient that the policy itself is a repudiation of the constitutional
4  rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942
5  F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other*
6  *grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

7  To prove liability for an action or policy, the plaintiff "must ... demonstrate that his
8  deprivation resulted from an official policy or custom established by a ... policymaker possessed
9  with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d
10 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between
11 such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*
12 *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the
13 involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v.*
14 *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

15 **IV.    DISCUSSION**

16 **A. Plaintiff's First Amended Complaint**

17 Plaintiff names Warden Tammy Campbell at California State Prison, Corcoran as the sole
18 defendant in this action. (Doc. 12 at 1-2.) Plaintiff requests Defendant Campbell "be
19 [reprimanded] for her unlawful detention/imprisonment" of Plaintiff, and that "an order be issued
20 to the Court of jurisdiction or rather assumed jurisdiction to issue a release order" directing
21 Campbell to release Plaintiff immediately. (*Id*. at 5.)

22 **B. Plaintiff's Claim**

23 Plaintiff states Defendant Campbell violated his Fourteenth Amendment due process
24 rights against "unlawful detention/imprisonment and denial of life, liberty or property by a state
25 agent acting under the color of law." (Doc. 12 at 3.)

26 Plaintiff supporting facts are quoted in their entirety as follows:

27 > Clearly established laws under People v. Howard, 72 Cal. App. 561
> which states the following: As it is the duty of the Warden to furnish
28 > on demand a certified copy of a commitment in his/her custody. In

4

> will be presumed that such duty was [regularly] performed. Cal. Code Civ. Proc. Section 1963 (14), (15). Warden Tammy Campbell could not perform this duty of [hers] and furnish Plaintiff a certified copy of a Judgment of Conviction (JOC) issued by the court. The (JOC) is a requirement of the Court to produce when a defendant is duly convicted of a crime. This is outlined in the California Penal Codes. (SEE: Penal Code 1207 and 1213) The Defendant has nor had no lawful authority to detain/imprison Plaintiff in Corcoran California State Prison. Clearly established laws both state and federal require that a Warden shall have received [a JOC] from a Court of jurisdiction before a Warden can accept, detain/imprison a prisoner in his or her prison for whence they've been appointed by the state's Governor. Plaintiff is a Ward of the State subject to the laws of the state and the state actors operating under the color of law. Warden Tammy Campbell as Warden for Corcoran State Prison oversees and authorizes what inmates are allowed to be housed in her prison. She is and was directly responsible for Plaintiff's unlawful detention/imprisonment in her prison.

(Doc. 12 at 3-4.)

## C. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

California Penal Code section 1207 provides: "When judgment upon a conviction is rendered, the clerk must enter the judgment in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction, if any. A copy of the judgment shall be filed with the papers in the case." Section 1213 states, in pertinent part:

> (a) When a … judgment, other than of death, has been pronounced, …, or a copy of the entry of the judgment, or, if the judgment is for imprisonment in the state prison or imprisonment pursuant to subdivision (h) of Section 1170, either a copy of the minute order or an abstract of the judgment as provided in Section 1213.5, certified by the clerk of the court, and a Criminal Investigation and Identification (CII) number shall be forthwith furnished to the officer whose duty it is to execute the … judgment, and no other warrant or authority is necessary to justify or require its execution.
>
> (b) If a copy of the minute order is used as the commitment document, the first page or pages shall be identical in form and content to that prescribed by the Judicial Council for an abstract of judgment, and other matters as appropriate may be added thereafter.

(Cal. Pen. Code, § 1213.)

In California criminal cases, judgment is rendered when the trial court orally pronounces sentence. *People v. Scott*, 203 Cal. App. 4th 1303, 1324 (2012) (citing *People v. Mesa*, 14 Cal.3d

5

466, 471-72 (1975)). The court clerk must then enter the judgment in the minutes and prepare an abstract of judgment to give to the officer who is to execute the judgment. Cal. Penal Code §§ 1207, 1213, 1213.5. "[The abstract of judgment] may serve as the order committing defendant to prison, and is 'the process and authority for carrying the judgment and sentence into effect.' [citations.]" *People v. Delgado*, 43 Cal.4th 1059, 1070 (2008). "[It] is a contemporaneous, statutorily sanctioned, officially prepared clerical *record* of the conviction and sentence." *Id*. (emphasis in original). "When prepared by the court clerk, at or near the time of judgment, as part of his or her official duty, the abstract of judgment is cloaked with a presumption of regularity and reliability." *Id*. But, the abstract of judgment "is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict." *Id*.

Neither section 1207, nor section 1213 of the California Penal Code, require Defendant Campbell to furnish Plaintiff with a copy of the judgment of conviction. Those statutes require the clerk of the trial court where the conviction occurred to provide documentation regarding the judgment to the officer whose duty it is to execute the judgment. Simply put, the clerk of the trial court is required to provide a warden with a copy the judgment.

Additionally, Plaintiff's reliance on *People v. Howard*, 72 Cal.App. 561 (Cal. App. Ct. 1925) is misplaced. In *Howard,* the California Court of Appeal upheld the admission of a certified copy of a judgment and commitment to state prison, stating that when a certified copy of a judgment of conviction is delivered to the state prison warden as required by the applicable law at that time, that copy becomes an official document at the state prison and a certified copy of the copy, authenticated by the warden, is admissible into evidence. *Id*.  *Howard* does not apply here.

Plaintiff attempts to recast a challenge to his judgment of conviction and sentence as a due process violation.  As explained in the Court's First Screening Order issued January 2, 2024, assertions of unlawful restraint and a violation of due process challenge "the validity of his conviction or sentence" and thus "such a challenge is barred." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). By asserting that Defendant Campbell is unlawfully restraining or imprisoning him, Plaintiff is necessarily challenging the validity of his conviction; thus, a section 1983 action is barred unless Plaintiff alleges his

conviction and sentence has been reversed, expunged, invalidated, or a writ of habeas corpus has issued. (*See* Doc. 9 at 6.) Plaintiff's first amended complaint makes no such assertion. As the Eleventh Circuit held:

> To the extent that Price's claim was a challenge to the legality of his confinement, it was barred under the *Heck* doctrine. Because a judgment in favor of Price finding that the DOC lacked authority to confine him without a signed, certified judgment of conviction would necessarily call into question the validity of his sentence, Price was required to show that his conviction or sentence had been reversed, expunged, or invalidated. … As Price failed to make this showing, his exclusive remedy for challenging the fact of his confinement was through a habeas corpus petition. The result is the same even if we liberally construe Price's complaint as a challenge to the procedure, rather than the result, of the state court proceedings because a judgment in favor of Price on such a claim would also imply the invalidity of his sentence" [citations omitted]).

*Price v. McNeil*, 340 Fed.Appx. 581, 583-84 (11th Cir. 2009).[1]

The Court also notes that Plaintiff fails to include any dates when he contends Defendant Campbell allegedly failed to perform her duty. *Iqbal*, 556 U.S. at 678. A review of the California Incarcerated Records and Information Search (CIRIS) tool reveals that Plaintiff was admitted to the California Department of Corrections and Rehabilitation on July 20, 2004.[2] Thus, even assuming his claim was cognizable, it would be barred as untimely because any judgment of conviction would have issued approximately twenty years ago. *See Van Batten v. Fresno Superior Court*, No. 1:21-cv-00693-NONE-EPG (PS), 2021 WL 1737140, at *5 (E.D. Cal. May 3, 2021) (recommending dismissal of section 1983 action, in part, because "Plaintiff knew of his actual injury—namely, his sentence—at his sentencing on August 18, 1995. Accordingly, the deadline

---

[1] *See also Ford v. Shuker*, No. 09 1105, 2009 WL 1704990, at *1 (D.C. June 17, 2009) (section 1983 action challenging "on due process grounds plaintiff's judgment of conviction and sentence" dismissed because plaintiff did not show reversal on appeal, expungement, declaration of invalidity, or issuance of a writ of habeas corpus); *Campbell v. Nebraska Court of Appeals*, No. 4:19CV3026, 2019 WL 2358432, at *1-2 (D. Neb. June 4, 2019) (dismissing civil rights action alleging due process violation "because no judgment of conviction was entered" and finding failure to state a claim upon which relief can be granted where conviction was not reversed, expunged, or invalidated).

[2] https://ciris.mt.cdcr.ca.gov/results?lastName=ngo&firstName=my (as of October 9, 2024). The Court may take judicial notice of public information stored on the CDCR inmate locator website. *See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F.Supp.2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

to file a claim was August 18, 1999. Plaintiff's April 26, 2021 complaint was filed over twenty-one years after the statute of limitations expired, and his claims are time-barred by the statute of limitations. *See Reviere v. Fleming*, No. C 12-6534 CRB (PR), 2013 WL 1758918, at *2 (N.D. Cal. April 24, 2013) (finding inmate's section 1983 action, filed in 2012, concerning alleged wrong-doing in connection with a 1999 criminal appeal and 2000 federal habeas petition were time barred); *Rodgers v. Superior Ct. of San Diego*, 2017 WL 890469, at *3 (S.D. Cal. Mar. 1, 2017) (complaint was barred by statute of limitations because "Plaintiff claims he was denied his constitutional rights when he was sentenced in 2002. Therefore, he had 'reason to know' the basis of his cause of action in 2002 but did not file this case until November 21, 2016— more than a decade after the limitations period elapsed" (citation omitted)).

In sum, the Court will recommend Plaintiff's first amended complaint be dismissed for a failure to state a claim upon which relief can be granted.

### D.  Granting Leave to Further Amend Would Be Futile

This Court finds that granting Plaintiff further leave to amend would be futile. As discussed above, Plaintiff's claim amounts to a challenge to his conviction and sentence and should be asserted in habeas proceedings. Additionally, it appears the claim would be time barred. *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile"), accord *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely").

### V.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's first amended complaint be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to

the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 14, 2024**                     /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE