UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY NGO,<br><br>    Plaintiff,<br><br>  v.<br><br>TAMMY CAMPBELL, et al.,<br><br>    Defendants. | Case No.: 1:23-cv-01423-KES-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TO APPOINT COUNSEL AND ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>Docs. 18, 19 |

Plaintiff My Ngo is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 15, 2024, the assigned magistrate judge issued findings and recommendations, recommending the action be dismissed for plaintiff's failure to state a claim upon which relief can be granted.  Doc. 19.  Specifically, the magistrate judge found that (1) plaintiff's claim amounts to a challenge to his conviction and sentence and may not be pursued in this § 1983 action, and (2) plaintiff's claim is time barred. *Id.* at 4–9.  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were due within 14 days after service. *Id.* at 8–9.  Plaintiff filed objections on October 25, 2024.  Doc. 20.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

        In the objections, plaintiff asserts that he is not challenging his conviction and sentence, but rather, the process by which defendant Campbell allegedly failed to furnish him with a copy of his judgment of conviction. Notwithstanding that characterization, the objections continue to assert the same challenges to plaintiff's confinement that were correctly found to be barred in the findings and recommendations. *See Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Price v. McNeil*, 340 F. App'x 581, 583–84 (11th Cir. 2009) (challenge to legality of confinement barred under *Heck* even where liberally construed as challenge to underlying procedure rather than results).

        Plaintiff provides no basis to overturn the magistrate judge's well-reasoned conclusion that "[n]either section 1207, nor section 1213 of the California Penal Code, require Defendant Campbell to furnish Plaintiff with a copy of the judgment of conviction." Doc. 19 at 6; *see also Tsetse v. Campbell*, No. 1:24-CV-00275-CDB (PC), 2024 WL 4894622, at *4 (E.D. Cal. Nov. 26, 2024) ("There is no requirement in the applicable California law that mandates that a warden, such as Defendant, must provide a copy of the judgment of conviction on request to a prisoner, such as Plaintiff."). Plaintiff continues to rely on *People v. Howard*, 72 Cal. App. 561 (Cal. Ct. App. 1925) to suggest otherwise, but as the findings and recommendations note, that case concerned the admissibility of a certified copy of a judgment of conviction and does not support plaintiff's argument.[1] Doc. 19 at 6. *Ex parte Taube*, another case cited in the objections, also does not support plaintiff's argument; that case discussed the requirements of section 1213 of the California Penal Code as applied to subsequent orders regarding concurrent sentencing terms. *See Ex parte Taube*, 78 Cal. App. 2d 142 (1947).

///

---

[1] Additionally, *Howard* suggests that it is "the duty of the warden to furnish on demand a certified copy of the commitment in his custody" in connection with trial, not at any time the prisoner requests. *Howard*, 72 Cal. App. at 564. The court in *Howard* did not identify the source of the warden's duty, nor did it specify the recipient entitled to receive the copy.

2

1    The objections represent that plaintiff became aware that his judgment of conviction failed
2 to comply with section 1213 of the California Penal Code on April 2, 2022, and that he exhausted
3 his administrative remedies concerning this claim on June 24, 2022.  These dates do not
4 undermine the magistrate judge's conclusion that plaintiff's claims are time barred.  "For actions
5 under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury
6 actions. California has a two-year statute of limitations for personal injury actions." *Klein v. City*
7 *of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (internal alternations, citations, and
8 quotation marks omitted).  "Federal law determines when a civil rights claim accrues.  Under
9 federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is
10 the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (internal citation
11 and quotation mark omitted).  Under the "discovery rule," the statute only begins to run once a
12 plaintiff knows of his injury and its cause. *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105,
13 1108 (9th Cir. 1999).  "The discovery rule requires the plaintiff to be diligent in discovering the
14 critical facts of the case." *Klein*, 865 F.3d at 1278.  "As a result, a plaintiff who did not actually
15 know that his rights were violated will be barred from bringing his claim after the running of the
16 statute of limitations, if he should have known in the exercise of due diligence." *Bibeau*, 188
17 F.3d at 1108.

18    The basis for this action is plaintiff's contention that he is being unlawfully imprisoned
19 because the warden of the facility at which he is confined did not provide him with a certified
20 copy of his judgment of conviction.  The magistrate judge appropriately found that plaintiff was
21 admitted to the California Department of Corrections and Rehabilitation on July 20, 2004, and
22 that any judgement of conviction would have issued at that time.  Doc. 19 at 7.  Thus, plaintiff's
23 alleged injury regarding his judgment of conviction accrued more than 20 years ago and the
24 statute of limitations for his claim has expired. *Id.* at 7–8 (collecting cases).  Because plaintiff
25 represents that he delayed more than 17 years before attempting to discover the critical facts of
26 his case, the discovery rule will not save his time-barred claim. *Cf. Klein*, 865 F.3d at 1279–80
27 (detailing the plaintiff's numerous and varied attempts to pursue the factual basis for his claim).
28 ///

In sum, plaintiff's objections fail to meaningfully address the findings and recommendations and otherwise lack any additional allegations sufficient to plausibly state a claim under 42 U.S.C. § 1983 against any defendant.

Plaintiff's pending motion for a preliminary injunction and for the appointment of counsel, Doc. 18, is denied. Plaintiff has failed to satisfy the requirements for injunctive relief and has not made the requisite showing of exceptional circumstances justifying the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Accordingly:

1. Plaintiff's motion for a preliminary injunction and for the appointment of counsel, Doc. 18, is denied;
2. The findings and recommendations issued on October 15, 2024, Doc. 19, are adopted in full;
3. The action is dismissed for plaintiff's failure to state a claim upon which relief can be granted; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  August 24, 2025

UNITED STATES DISTRICT JUDGE

4